PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES LEMONS, III, | ) |
| | ) CASE NO. 4:16CV2793 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| DENNIS WATKINS, *et al*., | ) |
| | ) |
| Defendants. | ) **MEMORANDUM OF OPINION AND** |
| | ) **ORDER** |

*Pro se* Plaintiff Charles Lemons, III has filed this *in forma pauperis* action under 42 U.S.C. § 1983 against Trumbull County Prosecutor Dennis Watkins, Trumbull County Assistant Prosecutor Gina Buccino Arnaut, and Warren, Ohio Police Sergeant Emanuel Nites. *See* Complaint for Violation of Civil Rights (Prisoner), ECF No. 1. In the Complaint, Plaintiff challenges his 2009 rape conviction on grounds that the prosecution allegedly withheld exculpatory evidence. *Id.* He seeks monetary relief. *Id.*

# I. Background

Plaintiff was convicted in 2009 in the Trumbull County, Ohio Court of Common Pleas on charges of felonious assault, rape, kidnapping and attempted rape.[1] He is currently serving a sentence of fifty-eight years in prison. ECF No. 1 at PageID #: 11.

---

[1] Ohio Department of Rehabilitation and Correction Offender Search Detail, http://odrc.drc.ohio.gov/OffenderSearch/details.aspx?id=A563098&pg=x (last visited Jan. 21, 2017).

(4:16CV2793)

On October 29, 2007, the victim called Warren, Ohio police and reported that Plaintiff assaulted her with a hammer and raped her. *Id.* at PageID #: 10. The victim indicated to police that the hammer broke when Plaintiff struck her and, when his back was turned, she retrieved the hammer from the floor and hid it in a closet. *Id.* The victim was taken to the hospital where images were taken of her head, and a rape kit was administered. *Id.*

Plaintiff alleges that the prosecutor did not provide him with the hammer, nor did he supply the rape kit evidence for independent testing. *Id.* at PageID #: 3-4. He claims he was denied due process, and seeks an award of $10,000,000.00 in damages for withholding potentially exculpatory evidence. *Id.* at PageID #: 5.

## II.  Standard for Dismissal

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it is frivolous or malicious, fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

In order to state a claim on which relief may be granted, a *pro se* complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *See Hill v. Lappin,*, 470-71 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), governs dismissals for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level . .

(4:16CV2793)

. on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."

*Twombly*, 550 U.S. at 555.

### III. Law and Analysis

Plaintiff challenges his conviction in this civil rights action. The Supreme Court has held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, [P]laintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable in an action under [42 U.S.C.] § 1983.

*Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Therefore, when a state prisoner seeks damages in an action under 42 U.S.C. § 1983,

> the [Court] must consider whether a judgment in favor of [P]laintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the [C]omplaint must be dismissed unless [P]laintiff can demonstrate that the conviction or sentence has already been invalidated. [If the Court] determines that [P]laintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against [P]laintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Id.* at 487.

Here, Plaintiff claims the prosecutors withheld potentially exculpatory evidence from him—the hammer used to attack the victim and the rape kit. If this claim were found to have merit, it would call into question the validity of Plaintiff's conviction. Plaintiff, therefore, may

3

(4:16CV2793)

only proceed with this claim if his conviction were invalidated by a state appellate court or a federal writ of *habeas corpus*.

     Plaintiff's conviction has not been overturned.  Indeed, he is still incarcerated and serving a fifty-eight year sentence.  Therefore, Plaintiff cannot proceed with his claim in a § 1983 action.

## IV.  Conclusion

     Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e).  The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

     IT IS SO ORDERED.

 January 30, 2017                      */s/ Benita Y. Pearson*
Date                                      Benita Y. Pearson
                                               United States District Judge