PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| CHARLES LEMONS, III, | ) |
|       Plaintiff, | )   CASE NO. 4:16CV2793 |
| v. | )   JUDGE BENITA Y. PEARSON |
| DENNIS WATKINS, *et al.*, | ) |
|       Defendants. | )   **ORDER** [Resolving ECF No. 11] |

     Before the Court is Plaintiff's second Motion to Alter or Amend Judgment. ECF No. 11. In this motion, Plaintiff continues to challenge his 2009 rape conviction claiming the prosecution withheld evidence. The Court dismissed the action on January 30, 2017, holding that Plaintiff could not attack his conviction in a civil rights action for damages, unless his conviction was overturned on appeal or invalidated by a federal writ of habeas corpus. ECF No. 5. Plaintiff filed a Motion for Reconsideration, which the Court construed as a motion to alter or amend judgment, again claiming the prosecutors withheld exculpatory evidence resulting in his 2009 conviction. ECF No. 7. The Court denied the motion because Plaintiff did not provide a basis for relief under Rule 59(e) of the Federal Rules of Civil Procedure. ECF No. 10. Twenty days later, Plaintiff filed this motion to alter or amend judgment. He continues to restate the arguments presented in his complaint to attack his 2009 rape conviction. He does not dispute the Court's rationale for dismissing his case, and does

(4:16CV2793)

not present a basis for relief under Rule 59(e).

A party may seek to alter or amend a judgment under Rule 59(e) by filing a motion "no later than 28 days after the entry of the judgment." Fed.R.Civ.P. 59(e). The Court dismissed this action on January 30, 2017. Plaintiff filed this motion on May 18, 2017, well more than 28 days after the judgment was entered. Inasmuch as the Court lacks jurisdiction to enlarge the time for filing a Rule 59(e) motion, *see* Fed.R.Civ.P. 6(b)(2); *Denley v. Shearson American Express, Inc.*, 733 F.2d 39, 41 (6th Cir. 1984), superseded by statute on other grounds by *Arnold v. Arnold Corp. Printed Communications for Business*, 920 F.3d 1269 (6th Cir. 1990), Plaintiff's motion to alter or amend is dismissed as untimely.

Where a party's Rule 59 motion is not filed within the mandatory time period, it is appropriate for the Court to consider the motion as one filed pursuant to Rule 60(b) for relief from judgment. *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 268 (6th Cir.1998); *see, e.g., Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991), cert. denied, 506 U.S. 828 (1992). The standard for granting a Rule 60 motion, however, is significantly higher than the standard applicable to a Rule 59 motion. A timely Rule 59 motion may be granted "for any of the reasons for which rehearings have heretofore been granted in suits in equity in the courts of the United States." Fed.R.Civ.P. 59(a). A Rule 60(b) motion, by contrast, may be granted only for certain specified reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;

2

(4:16CV2793)

> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
> (6) any other reason justifying relief from the operation of the judgment.

Fed.R.Civ.P. 60(b).

Because the motion does not invoke any of the first five grounds for relief enumerated in the rule, Plaintiff's request may be construed under subsection (b)(6), "any other reason justifying relief" from judgment. However, this subsection is only properly invoked in "unusual and extreme situations where principles of equity mandate relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990). This is not an unusual or extreme situation. Plaintiff is once again asserting a claim that was considered as dismissed in his complaint, and in his first motion to alter or amend. Plaintiff, therefore, is not entitled to relief from judgment.

Up to this point, the Court has been tolerant of Plaintiff's *pro se* motions that sought to vacate the Court's January 2017 judgment. The Court, however, will no longer permit Plaintiff to attempt to litigate a matter on which the Court has now ruled three times. Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs the ability to carry out Article III functions. *Filipas v. Lemons*, 835 F.2d 1145 (6th Cir. 1987).

Accordingly, Plaintiff's Motion to Alter or Amend Judgment (ECF No.11) is denied. Furthermore, Plaintiff is enjoined from filing additional post judgment motions in this case. The

(4:16CV2793)

Clerk is directed to return, unfiled, any further motions submitted by Plaintiff for filing in this action. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this order could not be taken in good faith.

    IT IS SO ORDERED.

| | |
|---|---|
| October 24, 2017 | /s/ *Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |